UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| KIM THOMAS, | : | | |
|---|---|---|---|
| Plaintiff, | : | Civil Action No.: | 10-0680 (RMU) |
| v. | : | Re Document No.: | 2 |
| DISTRICT OF COLUMBIA, | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Kim Thomas, on behalf of her minor son T.T., brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, alleging that the defendant, the District of Columbia, through the Office of the State Superintendent of Education ("OSSE") and the District of Columbia Public Schools ("DCPS"), failed to provide T.T. with a free appropriate public education ("FAPE") while he was enrolled at City Lights Public Charter School ("City Lights"). The defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Although the court determines that it has subject matter jurisdiction over this controversy, it dismisses the case because the plaintiff has failed to state a claim upon which relief can be granted.

### II. FACTUAL & PROCEDURAL BACKGROUND

T.T. is a child who is eligible to receive full-time special education services pursuant to the IDEA. Compl. ¶ 11. T.T. attended City Lights during the 2007-2008 and 2008-2009 school years, until the school closed in February 2009. *Id.* ¶ 10. During that time, City Lights acted as

its own local education agency ("LEA") under the IDEA.[1]  Def.'s Mot. at 9 n.2 & Ex. 3; *see also* Pl.'s Opp'n at 5.  On February 18, 2009, after City Lights closed, T.T. received a Notice of Placement from the DCPS to attend High Road Upper School.  Compl. ¶ 11.

City Lights had developed two Individualized Education Plans ("IEPs") for T.T. while he was a student there.  *Id*. ¶ 12.  The first IEP was in effect from March 14, 2007 until October 9, 2008, and the second IEP was in effect from October 9, 2008 to December 15, 2009.  *Id*.  On December 23, 2009, the plaintiff filed an administrative complaint pursuant to 20 U.S.C. § 1415(f)(1) requesting a due process hearing.  *See generally* Def.'s Mot., Ex. 1.[2]  In her administrative complaint, the plaintiff asserted that the DCPS and the OSSE failed to provide T.T. with a FAPE because they failed to ensure that T.T. had appropriate IEPs while at City Lights.  *Id*. at 1-2.  The plaintiff further alleged that the IEPs inaccurately classified T.T.'s abilities, ordered insufficient services, contained inappropriate goals and objectives and did not prescribe necessary extended school year services.  *Id*.  Additionally, the plaintiff claimed that the DCPS and the OSSE failed to provide for and ensure and monitor the appropriate placement of T.T.  *Id*.  According to the plaintiff, these deficiencies on the part of the DCPS and the OSSE hindered T.T.'s education during his time at City Lights.  Compl. ¶ 14.

After a due process hearing, a hearing officer ruled on February 1, 2010, that the OSSE was an improper party and that the plaintiff's complaint against the DCPS was outside of the

---

[1] The IDEA is administered by state education agencies ("SEAs") and local education agencies ("LEAs").  *See* 34 C.F.R. 300.608; *id*. § 300.200.  An SEA is responsible for general supervision and enforcement, *see* D.C. MUN. REGS. tit. 5, § 300.149, usually accomplished by apportioning and restricting funds, *see* 34 C.F.R. § 300.608.  An LEA is specifically responsible for providing a FAPE.  *See* D.C. MUN. REGS. tit. 5, § 3002.1.

[2] Both parties attach a copy of the due process complaint to their briefs.  *See* Def.'s Mot., Ex. 1; Pl.'s Opp'n, Ex. 1.  For ease of reference, the court will only cite to the defendant's exhibit.

2

scope of the hearing officer's purview. *See generally* Def.'s Mot., Ex. 2.[3] Accordingly, the hearing officer dismissed the plaintiff's administrative complaint. *Id.*, Ex. 3 at 7.

Pursuant to the IDEA, after receiving the hearing officer's decision, the plaintiff filed a civil action in this court. *See generally* Compl. The defendant has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* Def.'s Mot. The motion is now fully briefed and the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

---

[3] Both parties attach a copy of the hearing officer's decision to their briefs. *See* Def.'s Mot., Ex. 2; Pl.'s Opp'n, Ex. 4. For ease of reference, the court will only cite to the defendant's exhibit.

3

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. The Plaintiff Has Exhausted Her Administrative Remedies

The defendant seeks dismissal of counts three and six of the plaintiff's complaint pursuant to Rule 12(b)(1), arguing that the plaintiff impermissibly alleges new claims before this court that exceed the scope of the original administrative due process complaint. Def.'s Mot. at 7. It asserts that the plaintiff's administrative complaint only alleged two violations of the IDEA: "(1) a failure to develop an appropriate IEP; and (2) a failure to provide an appropriate placement." *Id*. at 7. The defendant argues, however, that counts three and six of the plaintiff's complaint allege additional claims not found in the administrative complaint – namely that the defendant "fail[ed] adequately to monitor compliance with the requirements regarding the development of an appropriate IEP;" and "fail[ed] adequately to monitor compliance with the requirement regarding the provision of an appropriate placement for him." *Id*. at 7; *see also* Compl. ¶¶ 26, 38. The plaintiff counters that she addressed the conduct underlying counts three

and six in her due process complaint; that the District of Columbia responded to those claims at the administrative level; and that the hearing officer clearly understood and denied the plaintiff's administrative claims related to counts three and six. Pl.'s Opp'n at 3-4.

Judicial review is generally unavailable under the IDEA unless all administrative procedures have been exhausted. *Douglass v. Dist. of Columbia*, 605 F. Supp. 2d 156, 165 (D.D.C. 2009) (citing *Honig v. Doe*, 484 U.S. 305, 326-27 (1988) (discussing the Education of Handicapped Act, the immediate predecessor to the IDEA)). A court, therefore, does not have subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels. *Id*. (citing *Massey v. Dist. of Columbia*, 400 F. Supp. 2d 66, 70 (D.D.C. 2005)). "The controlling point of law here is that, absent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Id*. (quoting *Cox v. Jenkins*, 878 F.2d 414, 419 (D.C. Cir. 1989)).

The court is persuaded that the plaintiff's complaint does not exceed the scope of the administrative proceeding. In the "Facts" section of the administrative complaint, the plaintiff states that the DCPS and the OSSE "failed adequately to monitor compliance with the requirements regarding the development an appropriate IEP" and "failed adequately to monitor compliance with the requirements regarding the provision of an appropriate placement [for T.T.]." Def.'s Mot., Ex. 1 at 2. Although the plaintiff did not explicitly list counts three and six as "violations" in her due process complaint, she did allege facts supporting such claims and the hearing officer acknowledged and addressed these accusations in his ruling on the due process complaint. *Id*., Ex. 2 at 4. Indeed, the hearing officer's written decision makes clear that he considered the relevant facts underlying counts three and six in making his decision to dismiss

the due process complaint. *Id*., Ex. 2 at 2-3 (recognizing that the plaintiff alleged that the OSSE failed to monitor City Lights, but holding that the OSSE is, nevertheless, an inappropriate party); *id*., Ex. 2 at 4-7 (explaining that the petitioner's claims against the DCPS were identical to those against the OSSE and dismissing the complaint against the DCPS because the plaintiff articulated no problems with T.T.'s current placement or IEP). Accordingly, further administrative proceedings centered on the allegations in count three and six are unnecessary as all administrative remedies regarding these issues have been exhausted. *See J.S.K. by & through J.K. v. Hendry County Sch. Bd*., 941 F.2d 1563, 1570-71 (11th Cir. 1991) (holding that the plaintiff had sufficiently exhausted his administrative remedies when the hearing officer made determinations of fact and law demonstrating that all relevant factors had been examined and evaluated). Consequently, the court holds that it has subject matter jurisdiction over counts three and six and denies the defendant's motion insofar as it seeks dismissal pursuant to Rule 12(b)(1).

### C. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002),

or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### D. The Complaint Fails to State a Cognizable IDEA Claim

The defendant argues that the complaint must be dismissed because the plaintiff failed to state a claim for any cognizable injuries under IDEA for which the DCPS and the OSSE are liable. Def.'s Mot. at 9. The defendant contends that the DCPS and the OSSE liable for past harms caused by City Lights notwithstanding the fact that the plaintiff is now attending a DCPS school, because City Lights was acting as its own LEA. *Id.* Despite acknowledging that the OSSE was not the SEA at the time T.T. was at City Lights, Pl.'s Opp'n at 5, the plaintiff paradoxically argues that the OSSE is liable as the SEA, *id.* at 4. Similarly, the plaintiff asserts that the DCPS acted as the SEA when T.T. attended City Lights and therefore had oversight functions that made it responsible for the City Lights's failure to provide a FAPE. Pl.'s Opp'n at 5. Additionally, the plaintiff contends that even though public charter schools are separate entities from the DCPS, and the DCPS is not a necessary party to an IDEA suit against the charter school, the DCPS can still be held liable in this instance because it is the default LEA for every child residing in the District of Columbia. *Id.* at 6-7.

"In the District of Columbia, Public Charter Schools must elect to be treated as [an LEA ("LEA charter")] or a D.C. public school . . . for purposes of the IDEA." *IDEA Public Charter Sch. v. Belton*, 2006 WL 667072, at *2 (D.D.C. March 15, 2006) (citing D.C. CODE § 38-1802.10(c); D.C. Mun. Regs. tit. 5, § 3019.1). City Lights had elected to act as its own LEA, *see* Def.'s Mot. at 9 n.2 & Ex. 3; Pl.'s Opp'n at 5, and was, thus, required to provide a FAPE to disabled children, like T.T., enrolled at its facility. *Friendship Edison Pub. Charter Sch. Collegiate Campus v. Murphy*, 448 F. Supp. 2d 166, 169 (D.D.C. 2006).

Although typically the OSSE holds the role of the SEA, when a public charter school acts as its own LEA, the DCPS takes on the role of the SEA. *Belton*, 2006 WL 667072, at *2;

*Murphy*, 448 F. Supp. 2d. at 168 (citing D.C. MUN. REGS. tit. 5, §§ 3019.3, 3019.8). But, an LEA charter still remains an independent entity for the purpose of ensuring compliance with IDEA, and is required to provide special education to the disabled children enrolled at its facilities. *Murphy*, 448 F. Supp. 2d. at 169 (citing D.C. MUN. REGS. tit. 5, §§ 3019.3 , 3019.8). The LEA charter may only be excused from these responsibilities if it previously notified the SEA (*i.e.*, the DCPS) that it is unwilling or unable to provide a FAPE to a child, and the SEA agreed to assume responsibility. *S.S. v. Howard Road Acad.*, 562 F. Supp. 2d 126, 131 (D.D.C. 2008); *Belton*, 2006 WL 667072, at * 5; *Murphy*, 448 F. Supp. 2d. at 169 (citing D.C. MUN. REGS. tit. 5, §§ 3019.3, 3019.8).

By the plaintiff's own admission the OSSE was not the acting SEA for T.T. when he attended City Lights; rather, that role was held by the DCPS. Pl.'s Opp'n at 5. The plaintiff does not provide any specific factual allegations that form a basis for the OSSE's liability where, as here, it was not acting as the SEA, nor does the plaintiff provide any legal authority for her conclusion that the OSSE can be held liable for the alleged failure of an LEA charter to provide a FAPE. *See generally* Compl.; Pl.'s Opp'n. Accordingly, the plaintiff has not alleged sufficient facts which, accepted as true, state a plausible claim against the OSSE, *see Iqbal*, 129 S. Ct. at 1949, and the court dismisses the claims against OSSE.

With respect to the DCPS, the plaintiff does not allege that she or City Lights ever notified the DCPS that City Lights was unwilling or unable to provide T.T. with a FAPE. *See generally* Compl.; Pl.'s Opp'n. Without such notice, the DCPS, acting as the SEA, does not inherit any responsibility to provide a FAPE to T.T. *Murphy*, 448 F. Supp. 2d. at 170 (granting the DCPS's motion to dismiss and ruling that the LEA charter "retained responsibility for providing a FAPE" because the LEA charter did not notify the DCPS that it needed assistance

and the DCPS did not agree to assume responsibility). Additionally, the fact that T.T. now attends High Road Upper School and the DCPS is the acting LEA, does not transfer liability to the DCPS for any past harms allegedly caused by City Lights. *See Howard Road Acad.*, 562 F. Supp. 2d at 130-31 (dismissing an IDEA case against the DCPS even though the student was attending a DCPS school at the time the complaint was filed because the only claim for relief was based on past harms allegedly committed by an independent LEA charter school). Therefore, because City Lights was the entity responsible for ensuring that T.T. received a FAPE and neither City Lights nor the plaintiff ever notified the DCPS that City Lights could not perform that duty, the plaintiff has not stated a plausible claim against the DCPS. *Hyde Leadership Pub. Charter Sch. v. Clark*, 424 F. Supp. 2d 58, 59 (D.D.C. 2006) (granting the DCPS's motion to dismiss because it was not a proper party to the suit because the LEA charter retained responsibility for providing the student with FAPE).

## IV. CONCLUSION

For the foregoing reasons, the grants the defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of March, 2011.

RICARDO M. URBINA
United States District Judge